GENERAL ELECTRIC CO. v. SUTTER et al.

(Circuit Court, W. D. Pennsylvania. February 20, 1911.)

No. 26.

PATENTS (§ 259*)—"CONTRIBUTORY INFRINGEMENT"—WHAT CONSTITUTES.

"Contributory infringement" exists when one knowingly concerts or acts with another in an unlawful invasion of a patentee's rights. If such assistance is given by furnishing an essential part of an infringing combination and the part furnished is adapted to no other use than an infringing use, such contribution makes him a contributory infringer; but, if the part furnished is adapted to other and lawful uses, in addition to infringing uses, then an intent to furnish for infringing use must be established before the furnisher can be held a contributory infringer.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 400–402; Dec. Dig. § 259.*

For other definitions, see Words and Phrases, vol. 2, p. 1540.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by the General Electric Company against Frederic C. Sutter, Robert V. Bingay, and Harry G. Steele, trading as the Pittsburgh Transformer Company. Decree for defendants.

Charles Neave and William G. McKnight, for complainant.
Edwards, Sager & Wooster, for defendants.

BUFFINGTON, Circuit Judge. In this case the General Electric Company, the owner of patents No. 809,996 and No. 630,418, granted to C. P. Steinmetz for electrical distribution, charge the Pittsburgh Transformer Company with infringement thereof. It is not contended the latter company has itself infringed, but it is averred the Allegheny County Light Company has done so in a certain electrical plant operated by it, and that the Transformer Company has contributed to that infringement by making four transformers therefor. The Light Company is not a party to the bill; and, as the transformers in question constituted a single order and the Transformer Company have never made or contemplated making any like transformers, it will be seen the case turns primarily on the question whether that company bears the relation of a contributory infringer. An examination of the proofs satisfies us it does not, and therefore on the other questions involved we express no opinion.

The legal principles governing contributory infringement are clear: Contributory infringement exists where one knowingly concerts or acts with another in an unlawful invasion of a patentee's rights. If such assistance is given by furnishing an essential part of an infringing combination and the part furnished is adapted to no other than an infringing use, such contribution makes him a contributory infringer. On the other hand, if the part furnished is adapted to other and lawful uses, in addition to infringing uses, then an intent to furnish for infringing use must be established before the furnisher can be held a contributory infringer. In the present case the transformers were adapted to other and lawful uses besides the use the Light Company made of them. The burden is therefore on complainant to show a knowledge or intent on the part of the Transformer Company that the transformers were to be used for infringing purposes. That burden, we think, the complainant has not met. In the first place, the Transformer Company never made such transformers before this order, and does not contend for a right to do so. It only undertook to build them to aid in the rapid installment of an amusement park. It knew of the existence of these patents, and the complainant itself by its proofs showed a noninfringing intent on the part of the respondents. Thus complainant's witness Sutter, who was a partner in the respondents' firm, testified:

"A. The question of three-phase-two-phase operation came up, and I told the purchaser's engineer that we would not supply transformers to him to use in such a manner as to infringe any patents for such a system of operation, and my recollection is that he advised us that the transformers would not be used in a manner to infringe any patents. I may say here that it was of the utmost importance to the purchaser to secure these transformers as quickly as possible, as they had contracted to light the park or supply them current by a certain date, and we were the only company which could make delivery in time to enable the purchaser to carry out the contract. We did no busi-

ness with this purchaser for a number of years prior to this time, and we felt that they came to us for these transformers by virtue of necessity, as their purchases in this line heretofore, I believe, were made almost exclusively from the General Electric Company and occasionally from the Westinghouse Company."

Its proofs further showed that the transformers could have been used on the Light Company's plant in a noninfringing way. Standing alone, these proofs of the complainant would relieve the respondents of the charge of contributory infringement. But it is contended an intent to infringe by contribution is made out by the blue print accompanying the Light Company's order, and the requirement of the letter transmitting the order, viz., "Any combination of high tension taps other than shown by the blue print can be used at your discretion, provided, however, the transformer will operate either as a main or teaser transformer on 11,000 or 10,500 rolls"; for it is alleged, and we will assume such to be the fact, that the "main and teaser" requirement made it possible to use the transformer in an infringing way. But what, in effect, was this but showing that the transformer was capable of both an infringing and a noninfringing use? And in such case the burden still rests on complainant to show an infringing intent on the part of respondents and by their own proof, as we have seen, they have shown a contrary one existed.

In the absence of proof of such unlawful purpose and of any other than good faith on respondents' part, we are constrained to hold the charge of contributory infringement has not been made out, and the bill must be dismissed.